United States Court of Appeals,

Fifth Circuit.

No. 91–3297.

UNITED STATES of America, Plaintiff–Appellee,

v.

Wayne F. BARTHOLOMEW, Defendant–Appellant.

Oct. 5, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY and DUHÉ, Circuit Judges, and PARKER[*], District Judge.

PER CURIAM:

Wayne F. Bartholomew, an indigent Federal inmate, appearing pro se, filed a Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in Federal custody. The Court below determined that the record was sufficient for the purpose of adjudication of movant's claims, and that an evidentiary hearing was not necessary. The Court then dismissed Bartholomew's motion with prejudice. Bartholomew is before this Court pro se appealing the Judgment and Order of the District Court dismissing his motion with prejudice without an evidentiary hearing.

FACTS

Appellant and two co-defendants abducted a bank officer and robbed a bank. Appellant cut and seriously wounded the kidnap victim, and left her for dead. Appellant, along with both codefendants, pleaded guilty to conspiracy to commit and commission of bank robbery and incidental crimes, in violation of 18 U.S.C. § 371 and § 2113(a), (e). Bartholomew was sentenced to life in prison, and the Court recommended "no parole." No appeal was taken.

Appellant also faced state charges arising from the same incident. In the state case he raised the issue of competency, was examined by a doctor and found competent by the Court. His federal

_____

[*]Chief Judge of the Eastern District of Texas, sitting by designation.

lawyer was aware of these proceedings, but did not raise the competency issue in Federal Court. At the Plea hearing she brought to the Court's attention Appellant's past history of mental illness and drug abuse, but represented to the Court that Appellant was competent to enter a plea.

## ISSUES AND STANDARD OF REVIEW

Appellant sets out two specific issues for our review, but argues other related issues under each one. Instead of following Appellant's format, we will examine the lower Court's ruling on each issue presented in Appellant's § 2255 Motion, and determine if the Court erred either in denying Appellant an evidentiary hearing, or in denying the relief requested.

A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief. *U.S. v. Auten,* 632 F.2d 478 (5th Cir.1980).

The Court reviews the action of the District Court for abuse of discretion. *U.S. v. Donohoe,* 458 F.2d 237 (10th Cir.1972), cert. denied 409 U.S. 865, 93 S.Ct. 157, 34 L.Ed.2d 113 (1972).

## INCOMPETENCY

Bartholomew alleges that he was incompetent due to mental disease at the time he entered his plea of guilty. In support of his claim he attached exhibits which established that he had been diagnosed as suffering from schizophrenia, paranoid type and drug dependency, and admitted to Southeast Louisiana Hospital for treatment of this condition in 1973. After two months he was discharged and continued outpatient treatment until 1976. He also attached documentation from Leavenworth Correctional Facility that he had been diagnosed as schizophrenic, paranoid type while in prison in 1986. The Court in making a determination on Appellant's incompetency claim considered these documents as well as the transcription of the guilty plea hearing, and the competency proceeding in the parallel state court proceeding. The Court determined that the evidence on which

Appellant relied, while it may have raised a doubt about his capacity in 1973–1976 was insufficient to raise a bona fide doubt about his competency immediately prior to and at the time of his plea in April of 1984.

The Court observed that no medical evidence was before the Court covering the period of time between 1976 and 1984. Appellant has not alleged to the Court below or in his appellant brief that there was any evidence other than what was already before the Court that could have cured the deficiency. Therefore we find no error in the Court's denial of an evidentiary hearing on this issue. Further we hold that the Court did not abuse its discretion in concluding that Appellant was competent to plead to the charged offenses and did so with a full understanding of the consequences.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Court correctly set out and followed the framework established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to determine if Appellant had established a cognizable claim of ineffective assistance of counsel. Bartholomew must demonstrate (1) that his attorney's conduct fell below an objective standard of reasonable professional assistance and (2) but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Appellant listed five reasons for finding his counsel ineffective.

The Court first considered Appellant's allegations that his attorney failed to request a psychiatric examination and failed to investigate and pursue an insanity defense. An examination of the record revealed that she was aware of Appellant's medical and drug abuse history, and had considered pursuing an incompetency defense, but had rejected it as meritless. Appellant does not allege that she was unaware of the psychiatric examination and competency hearing held shortly before he entered his plea which resulted in a finding in the state companion case that Appellant was competent. He only expresses his dissatisfaction with what he perceived as a lack of thoroughness by the doctor who conducted the examination.

He next asserts that his lawyer failed to adequately investigate Appellant's claim that he lacked any intent to commit the crime charged. He maintains that he was induced by his co-defendants to participate in the crime because they led him to believe that the bank robbery was only a fake. He attached declarations of other inmates who had heard the "fake robbery" story from Appellant's co-defendant who was then serving his sentence for this crime in a Federal Prison. The Court determined that Appellant's statement under oath at his plea hearing that the government's version of the facts was correct, was more credible than his present statements and supporting declarations. Therefore, his attorney had no duty to investigate a claim that had no viability and that Appellant essentially repudiated under oath at his plea hearing.

Appellant next included a general claim that his lawyer's advice to plead guilty was based on insufficient investigation and information. The Court below found that, with the exception of the claims addressed above, his insufficient investigation complaint lacked the necessary specificity to support a claim of ineffective assistance of counsel.

Finally, Bartholomew alleged that his lawyer failed to comply with Rule 32, Fed.R.Crim.P., regarding the requirement that counsel and defendant read and review the presentence investigation report (PSI) prior to sentencing. We find that this failure, if proven, would have met the first prong of the *Strickland* analysis. However, the Court found that the contents of the PSI did not impact the sentence imposed, which was based solely on the factual basis of the crimes as stated by the government. The Appellant failed to establish that but for this error, the outcome of the proceeding would have been different.

We find nothing alleged in these claims that required the Court to look outside the record and documents attached to the motion to make a determination as to the validity of the claims. We find no abuse of discretion in the Court's holding that Appellant is entitled to no relief on the basis of ineffective assistance of counsel.

RULE 32 VIOLATION

Appellant's third claim is that the Court breached its duties under Rule 32, Fed.R.Crim.P. by failing to ascertain that Bartholomew and his lawyer had read the PSI, by failing to allow them to object to errors in the PSI and by failing to make written findings of fact regarding each objection made. The record of the sentencing hearing makes it clear that Appellant's counsel had read the PSI, and that the Court afforded ample opportunity for comment and objection to both Appellant and his counsel, and that no objection was made to the PSI. The real issue raised is Appellant's claim that he did not see the PSI until sometime after the sentencing hearing, at which time he determined that there were factual errors in the report that his attorney did not discuss with him or object to prior to sentencing. The allegation that most concerns this Court is that the PSI contains the statement that Appellant had previously shot and killed a man. Appellant contends that is not true. There are questions presented by this issue that would require development at an evidentiary hearing. When was Appellant first made aware of the allegations in the PSI? Is the statement true?

The Court below found that this Rule 32 violation is not cognizable on collateral attack because it could have been raised on direct appeal or in an earlier Rule 35 motion to correct sentence, citing *United States v. Prince,* 868 F.2d 1379, 1386 (5th Cir.1989.) The holding in *Prince* does not preclude § 2255 relief from a Rule 32 violation. Rather, the Court must make a determination whether the violation could have been raised on direct appeal or an earlier Rule 35 motion. We find that the record before the Court did not conclusively show the issue could have been raised on appeal or previous motion. Bartholomew alleges (1) his counsel failed to comply with her obligation to review the PSI with him, (2) the Court failed to comply with its obligation to ascertain that he had been provided a copy of the report, (3) the report was finally obtained on some unknown date by a pro se inmate through an open records act request, and (4) for some period of time between conviction and the filing of his § 2255 motion, he was under treatment and medication for psychiatric disorder. Rule 32 requirements that insure a defendant is apprised of the contents of a PSI and has an opportunity to object to inaccurate information were designed to protect the integrity of the

sentencing procedure. Appellate courts have the power to correct a Rule 32 violations on collateral attack if the § 2255 Movant can demonstrate that the error could not have been brought to the court's attention earlier.

The Court below next notes that its sentence was based solely on the government's version of the facts and not on any information in the PSI, so that failure to correct it would not result in a miscarriage of justice. Although, under these facts Appellant may not be entitled to a new sentence, he is entitled to have inaccuracies in his PSI corrected, as the information in the PSI impacts choice of facility, parole eligibility and relationships to various social service agencies on his release.

## "NO PAROLE" RECOMMENDATION

On the standardized "Judgment and Probation/Commitment Order," in the space designated "Commitment Recommendation," the following notation appears: "NO PAROLE. This is a categoric and unchangeable Order." Appellant contends that this language constitutes an order imposing a sentence of life without parole, which is not available under the statute. In an unpublished opinion, this Court rejected a similar claim made by one of Appellant's co-defendants. *United States v. Emmet N. Bartholomew,* 752 F.2d 644 (5th Cir.1985) (unpublished opinion). On reading the Judgment and Probation/Commitment Order, it is clear that the Court below is making a recommendation of no parole. The sentence of commitment is for life, as allowed under the statute. We find no error in the denial of a hearing on this issue. We find no abuse of discretion in the lower Court's finding that the sentence imposed is not illegal.

## CONCLUSION

The case is REMANDED with instructions to correct any inaccuracies in the PSI. The judgment is AFFIRMED in all other respects.