**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 94-11061
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD WAYNE ENGELKING,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(5:93-CV-299-J (5:89-CR-81))

November 3, 1995

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Donald Wayne Engelking files this motion under 28 U.S.C. § 2255. He makes three basic arguments: (1) ineffective assistance of counsel, on several grounds; (2) violation of his due process rights because his co-conspirator was a government agent and, therefore, there could be no valid conspiracy; and (3) error by the district court in dismissing his § 2255 motion without holding an evidentiary hearing. For the reasons set forth below, we affirm the district court decision.

**FACTUAL BACKGROUND**

    Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

On direct appeal this court recited in detail the circumstances of Engelking's arrest and conviction. We now present only the immediately pertinent facts. On August 23, 1988, Deputy Karl Watters, pursuant to a vehicle stop and search, confiscated from Engelking several items he believed were to be used fo r manufacturing amphetamine. Watters also seized $500. Engelking signed a statement admitting that the money was to be used to buy chemicals for manufacturing amphetamine, the object of a conspiracy for which authorities were investigating Engelking.

On August 16, 1989, officers obtained a search warrant for a warehouse jointly leased by Engelking and Donald Rollo. Inside they discovered a fully functioning methamphetamine laboratory. Based on the information obtained from the warehouse, a search warrant was obtained for the duplex where Rollo and Engelking lived and where police seized further physical evidence linking Engelking and Rollo to the methamphetamine conspiracy. From there officers obtained a warrant to search a storage room rented by Engelking and Rollo and found even more incriminating evidence.

Engelking was convicted on nine counts relating to the manufacture, possession, and distribution of over 100 grams of methamphetamine. He filed the § 2255 motion before us now arguing ineffective assistance of counsel and violation of his due process rights. For the latter charge he claims that his alleged co-conspirator, Rollo, actually was a government informant and, therefore, the Government wrongly charged him with conspiracy. He also claims on appeal that the district court erred by denying his § 2255 motion without conducting an evidentiary hearing.

**DISCUSSION**

**Ineffective Assistance of Counsel**

To win habeas relief on his claims of ineffective assistance of counsel, a petitioner must satisfy the two-pronged analysis prescribed by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). He must show that his counsel's performance was deficient and that the deficiency was prejudicial. The measure of performance is the objective standard of reasonableness. <u>Id.</u> at 687-88. However, the petitioner must battle a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. Failure to satisfy either prong of the

2

test defeats the claim. Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

Engelking first argues that his counsel was ineffective by failing to request a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), to reveal misrepresentations and falsehoods in the affidavit supporting the search warrant for the warehouse. He claims to have demanded that his counsel amend a motion to suppress for a Franks hearing because the affidavit was fraught with "deliberate misrepresentations, falsehoods, and omissions of crucial facts." Engelking raised this very issue of the probable cause basis for the search warrants on direct appeal. We do not consider issues raised and disposed of in a previous appeal in § 2255 motions. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). In the earlier appeal, this Court found that the affidavit established probable cause for the issuance of the search warrant for the warehouse even without the testimony of the police that they could actually smell ethyl ether from outside. The affidavit was sufficiently laden with claims tying Engelking and the warehouse to the manufacture of amphetamines. This being the same issue raised and decided before on appeal, we do not address it a second time.

Engelking's second grounds for ineffective assistance of counsel is his counsel's failure to move to suppress the allegedly fabricated evidence and testimony of Deputy Sheriff Carl Watters. He claims that Watters refused to release him to receive medical attention until he signed the statement admitting that he had bought chemicals for the purpose of making methamphetamine. At trial Watters attested to the authenticity of these statements, and the prosecutor argued that these materials were conclusive evidence proving the conspiracy charged. Engelking also argues that Watters did not have probable cause either to search his vehicle or to detain him for further investigation. He says counsel therefore should have filed a motion to suppress the fruits of the search, including his signed admission that he had purchased the chemicals found in his car and a motion in limine to prevent Watters from testifying about the stop.

Engelking must prove both prongs of the Strickland test. Even if the search were improper, he has not shown that failure to move to suppress has prejudiced him in light of the overwhelming evidence against him. The fact that Government agents discovered a fully operational

methamphetamine laboratory in the warehouse and Engelking's fingerprints on many of the items seized is highly compelling and dispositive. Agents recovered from the storage room enough glassware to make three complete methamphetamine laboratories and an extensive assortment of the chemicals needed to make methamphetamine. Engelking has failed to reasonably assert how his counsel's conduct demonstrates prejudice in the face of such weighty evidence.

Engelking's third and final ineffective assistance claim is that his counsel should have obtained an expert chemist to counter the testimony of the Government that ethyl smells similar to naphtha, which was found in the warehouse. This expert would have testified that the scents of the two chemicals were dissimilar and, thereby, refuted the probable cause supporting the warrant. However, as we have already found, the affidavits for the warrant established probable cause even without the officers' statements that they smelled ethyl ether. In addition, the investigators actually did find empty drums that had contained ethyl in the warehouse. This circumstantial evidence gives a strong indication the officers did smell the chemical. The testimony of a chemical expert could not have surmounted the probable cause evidence that existed even without the police testimony that they smelled ether.

**Conspiracy**

Engelking claims that Rollo assisted the Government; and, therefore, his conspiracy conviction cannot stand where the alleged conspiracy involves only the defendant and a Government agent or informer. Here Engelking's arguments are wholly conclusory. He presents nothing to support his apparent belief that Rollo was an informer. During in camera inspection, the magistrate judge reviewed documents which Engelking claimed revealed Rollo's role. The magistrate judge found that the Government documents "do not in any way even intimate, and certainly do not reveal Donald Ray Rollo is a Government informant." "In fact," the order continued, "the information provided clearly indicates Donald Ray Rollo was subject of the same initial investigation" as Engelking. In an affidavit, the United States Marshal testified that Rollo was a fugitive. Engelking points to no evidence that supports his argument. He simply makes spurious claims which do not

4

begin to establish any due process violation or fraud upon the court.

**Evidentiary Hearing**

Finally, Engelking says the district court erred in denying his § 2255 motion without conducting an evidentiary hearing. A district court may deny such a motion only "if the motion, files, and records of the case conclusively show" that the defendant is not entitled to relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). We review the decision on such a hearing for abuse of discretion. Id. As a habeas petitioner, Engelking bears the burden of proof to "allege facts which, if proved, would entitle him to relief." Ellis v. Lynaugh, 873 F.2d 830, 841 (5th Cir. 1989). Engelking has offered no proof to support his arguments for relief. The weight of the evidence against him is overwhelming, and he has not convinced us that the conduct of his counsel was prejudicial.

AFFIRMED.