UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 95-20830
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL ESPERICUETA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-95-CV-1570)
_____
April 11, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Israel Espericueta, *pro se*, challenges the denial of his 28
U.S.C. § 2255 motion.  He asserts that he was denied the effective
assistance of counsel during his criminal trial because his
attorney had been suspended from the practice of law by the State
Bar of Texas for failure to comply with the minimum continuing
legal education requirements, and that the district court erred in
denying his motion without a hearing.

In **United States v. Carpenter**, 776 F.2d 1291, 1297 (5th Cir.
1985), pursuant to **Thread v. United States**, 354 U.S. 278 (1957),

---

[*]    Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

our court held that "an attorney disbarred from a state bar association may not be summarily disbarred from practicing before a federal court even when that state bar membership was the predicate upon which the lawyer was admitted to the federal court". Moreover, **United States v. McKinney**, 53 F.3d 664, 675 (5th Cir.), *cert. denied*, 116 S. Ct. 261 (1995), notes that "[t]he local rules for the courts of the Northern District of Texas provide that in a case where a lawyer loses the right to practice in his home state because of failure to meet CLE requirements, any suspension in federal court is not automatic". Likewise, under Appendix A, Rule 2 of the 1991 and 1992 Local Rules of the United States District Court for the Southern District of Texas, which cover the time period at issue, an attorney disciplined by any other court is subject to discipline in the southern district, but it is not automatic.

Espericueta's § 2255 was properly denied because he did not allege that his counsel had been suspended from practicing in federal court, even though he had been suspended by the State Bar of Texas. And, the district court did not err in denying the motion without a hearing, because the motion and record show conclusively that relief is not warranted. **United States v. Bartholomew**, 974 F.2d 39, 41 (5th Cir. 1992). Accordingly, the denial of 2255 relief is

**AFFIRMED.**