IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30497
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GLENN TAYLOR,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-CA-376-H
- - - - - - - - - -

May 21, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Glenn Taylor, federal prisoner # 22852-034, appeals the
district court's denial of his 28 U.S.C. § 2255 motion.  Taylor
argues that his counsel rendered ineffective assistance in
failing to investigate his allegation that he was working as a
confidential informant at the time the offense was committed and
that the district court abused its discretion in denying the
§ 2255 motion without conducting an evidentiary hearing.  To the
extent that Taylor's § 2255 motion can be construed as raising a

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

challenge to the denial of his motion to withdraw his guilty plea, a claim which the district court held to be procedurally barred, Taylor has abandoned this claim by failing to assert it on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Taylor has demonstrated neither deficient performance nor prejudice in connection with his ineffective-assistance-of-counsel claim. See Strickland v. Washington, 466 U.S. 668, 689-94 (1994). The district court did not abuse its discretion in refusing to conduct an evidentiary hearing. See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

AFFIRMED.