**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-20040
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSÉ LUIS RODRIGUEZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-89-CR-229-3
- - - - - - - - - -

May 26, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

        José Luis Rodriguez, federal prisoner # 00582-424, appeals the district court's denial of his 28 U.S.C. § 2255 motion.  Rodriguez contends that the district court erred by denying his § 2255 motion without an evidentiary hearing.  He contends also that the district court abused its discretion by denying his motion to supplement the record.

        Rodriguez has abandoned his ineffective-assistance claim by failing to brief it in this court.  *See Brinkmann v. Dallas County*

---

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)(issues not briefed on appeal are abandoned). Rodriguez argues in his reply brief his ineffective-assistance claim that counsel failed to interview potential exculpatory witnesses and raises an additional claim that counsel discouraged exculpatory witnesses from testifying. We will not consider issues raised for the first time in a reply brief. *See United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995)(arguments raised for the first time in a reply brief are waived).

The district court did not abuse its discretion by denying Rodriguez' § 2255 motion without conducting an evidentiary hearing and on the basis of the affidavits presented to the district court. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Rodriguez' evidence demonstrated that counsel contacted the potential witnesses and decided as a matter of trial strategy not to have them testify at trial.

Rodriguez has not shown that the district court abused its discretion by denying his motion to supplement the record, which was filed after judgment denying the § 2255 motion was entered. Rodriguez' motion was essentially one to amend his § 2255 motion to add a new claim, and leave of court was required to do so. *See* Fed. R. Civ. P. 15(a).

The decision of the district court is AFFIRMED.