# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 01-30437
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR WILLARD JOHNSON, III,

Defendant-

Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-3772-S
99-CR-374-ALL-S
-----------------------------------------------------------
June 21, 2002

Before SMITH, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Oscar Willard Johnson argues that the district court erred in dismissing his 28 U.S.C. § 2255 motion and in failing to grant him an out-of-time direct appeal. Johnson argues that his counsel failed to file a direct appeal despite his request that counsel do so.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). If counsel fails to file a requested appeal, a defendant is entitled to a new appeal without

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

showing that his appeal would have merit because he reasonably relied on counsel to file the necessary notice. Id.

The district court rejected Johnson's allegation that he had instructed his counsel to file an appeal. However, the record does not contain an affidavit from counsel or any other independent evidence showing that Johnson did not make such a request or clarifying the nature of any discussions Johnson had with his counsel. Thus, the record does not conclusively show that Johnson was not entitled to an out-of-time appeal.

The district court abused its discretion in denying Johnson's 28 U.S.C. § 2255 motion without obtaining evidence on whether Johnson was deprived of his right to a direct appeal as a result of the ineffective assistance of counsel. See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The dismissal of the motion is VACATED and the case is REMANDED to the district court to obtain the evidence necessary to resolve this issue.

VACATED AND REMANDED.