United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41724
Conference Calendar

_____

BEN F. JACOBS,

                                  Petitioner-Appellant,

versus

R. D. MILES, Warden,

                                  Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-1364
--------------------

Before HIGGINBOTHAM, DAVIS, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Ben F. Jacobs, federal prisoner # 33010-037, appeals the
district court's dismissal of his 28 U.S.C. § 2241 petition for a
writ of habeas corpus challenging his 1998 conviction for
possession of a firearm by a convicted felon.  Jacobs contends
that the district court erred in determining that he did not meet
the criteria required to support a claim under the savings clause
of 28 U.S.C. § 2255.  Specifically, he argues that his claims are

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

based on <u>United States v. Lopez</u>, 514 U.S. 549 (1995), <u>Jones v. United States</u>, 529 U.S. 848 (2000), and <u>United States v. Morrison</u>, 529 U.S. 598 (2000), retroactively applicable Supreme Court decisions which were unavailable at the time of his sentencing.

Jacobs has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and that his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).

Finally, to the extent that Jacobs argues that the district court erred in dismissing his 28 U.S.C. § 2241 petition without a hearing or response from the respondent, this claim is without merit. See <u>United States v. Bartholomew</u>, 974 F.2d 39, 41 (5th Cir. 1992).

Accordingly, the district court's judgment is AFFIRMED.