# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2007**

Charles R. Fulbruge III
Clerk

No. 05-10895
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DAVID MICHAEL SHEID

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-336-2

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

David Michael Sheid, Texas prisoner No. 60673, appeals the summary dismissal of a 28 U.S.C. § 2255 motion, filed under penalty of perjury, challenging Sheid's 180-month sentence for conspiracy to manufacture and distribute methamphetamine. At sentencing, without objection, the district court ordered that Sheid serve his federal sentence consecutively to future Texas sentences that might be imposed on revocation of Sheid's probation in Palo Pinto County case No. 09355 and in Parker County case No. 10954. Sheid's appointed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial attorney did not file a direct appeal or a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).

Sheid argued in the district court (1) that his appointed counsel was ineffective for failing to argue at sentencing for a concurrent or partially concurrent sentence pursuant to U.S.S.G. § 5G1.3(c) and (2) that counsel was ineffective for failing to appeal the consecutive sentence. The district court summarily dismissed the motion on the ground that § 5G1.3(c) did not apply to Sheid's sentence; thus, the court concluded that counsel could not have been ineffective for failing to make a frivolous objection. The court did not address Sheid's claim that appointed counsel failed to file a direct appeal.

We granted Sheid a certificate of appealability on the issue whether the district court erred in summarily dismissing his claims that counsel was ineffective for failing to argue at sentencing for a concurrent or partially concurrent sentence and for failing to challenge the consecutive federal sentence on direct appeal. United States v. Sheid, No. 1105-10895 (5th Cir. Dec. 12, 2006).

A § 2255 motion should be dismissed "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings. We review for abuse of discretion the denial of an evidentiary hearing to evaluate a §2255 movant's claims of ineffective counsel. United States v. Cervantes, 132 F.3d 1106, 1109-10 (5th Cir. 1998). A hearing is required on § 2255 review unless the "motions, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

Section 5G1.3(c) addresses whether a consecutive or concurrent sentence should be imposed in certain situations when the defendant being sentenced is subject to a prior undischarged term of imprisonment. § 5G1.3(c). The Sentencing Guidelines were amended effective November 1, 2003, to give the

district court the discretion whether to impose a consecutive or concurrent sentence pursuant to § 5G1.3(c). United States v. Huff, 370 F.3d 454, 464-66 (5th Cir. 2004); see also United States v. Perez, 225 F. App'x 241 (5th Cir. 2007). Although Sheid was sentenced in July 2004, it is not clear from the record that the district court was aware that the recent amendments to § 5G1.3(c) made Sheid eligible for a concurrent or partially concurrent sentence.

The district court held that summary dismissal was proper because Huff dictates that § 5G1.3(c) applies only "where the defendant was on parole when the federal offense occurred and his parole was revoked prior to the federal sentencing." (emphasis in original). To the contrary, Huff does not hold that § 5G1.3(c) applies only in cases where a defendant's parole has been revoked prior to his federal sentencing. See Huff, 370 F.3d at 463-66. Section 5G1.3(c), by its terms, applies "[i]n any other case involving an undischarged term of imprisonment," not only to cases in which parole has been previously revoked. Accordingly, the district court erred in holding that § 5G1.3(c) is inapplicable because Sheid's state parole had not been revoked at the time of his federal sentencing. Furthermore, the district court's stated basis for denying § 2255 relief is inconsistent with the judgment of conviction. The district court denied § 2255 relief on the ground that, because § 5G1.3(c) did not apply to Sheid's sentence, counsel could not have been ineffective for having failed to make a frivolous objection; however, the judgment of conviction imposing the consecutive federal sentence specifically cites § 5G1.3(c).

Sheid also argues that his counsel rendered ineffective assistance by failing to appeal the consecutive sentence as requested. A failure to file a requested notice of appeal is ineffective assistance of counsel even without a showing that the appeal would have merit. Roe v. Flores-Ortega, 528 U.S. 470, 477, 486 (2000); see also United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007)("[I]f the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the

petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal."). Because the record in the instant case does not conclusively show whether and when Sheid requested that his counsel file an appeal, an evidentiary hearing is necessary. See Tapp, 491 F.3d at 266.

The summary dismissal of Sheid's § 2255 motion is vacated and the case is remanded for an evidentiary hearing on the issues whether counsel was ineffective for failing to argue at sentencing for a concurrent or partially concurrent sentence pursuant to U.S.S.G. § 5G1.3(c) and for failing to challenge the sentence on direct appeal.

VACATED AND REMANDED FOR AN EVIDENTIARY HEARING.