# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-20310
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NACER TEOFILO PEREZ. also known as Hector Calderen

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CR-875-3

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Nacer Teofilo Perez, federal prisoner # 97224-079, pleaded guilty in 2001 to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced Perez to 121 months of imprisonment and ordered that he serve his term of imprisonment consecutive to the seven-year sentence he was then serving in the State of Georgia. Perez did not directly appeal his conviction or sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2006, Perez filed a nunc pro tunc motion in which he argued (1) that the district court misapplied U.S.S.G. § 5G1.3 when it ordered that his federal sentence run concurrent to his state sentence, and (2) that the Bureau of Prisons (BOP) had incorrectly denied him a sentence credit for the time he spent in state custody. The district court denied Perez's motion, construing it as untimely under 28 U.S.C. § 2255. In the alternative, the district court further concluded that the motion was without merit because the BOP had correctly calculated Perez's sentence.

On appeal, Perez argues that his motion arose under 28 U.S.C. § 2241 rather than § 2255 and reurges the merits of his claims. In the alternative, Perez asserts that his claims are timely under § 2255, ¶ 6, (4). Perez also asserts that the district court abused its discretion when it failed to conduct an evidentiary hearing to determine whether his state and federal sentences should have been ordered to run concurrently.

Section 2255 is the primary means of collaterally attacking a federal sentence. The record reflects that Perez's sentence credit claim in inextricably intertwined with, and in fact derivative of, his claim that the district court misapplied the sentencing guidelines. Unless Perez can establish that the district court's order imposing the consecutive sentence was error, he will not be entitled to the sentence credit he seeks. Thus, because Perez's claim was fundamentally a challenge to his consecutive sentence, the district court did not err in concluding that his claim arose under § 2255 and that it was untimely. Because Perez did not present any arguments in the district court regarding the timeliness of his motion, we will not consider such arguments here. Bower v. Quarterman, 497 F.3d 459, 475 (5th Cir. 2007) (claims presented for the first time on appeal are not considered). Finally, because the record conclusively establishes that Perez was not entitled to relief under § 2255, the district court did not abuse its discretion when it failed to conduct an evidentiary hearing

regarding Perez's claims.  See United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

The district court's judgment is AFFIRMED.