# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-51278
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HERNALDO PEREA BELTRAN, also known as Nalo, also known as Naldo

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CV-37
USDC No. 7:00-CR-46-1

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hernaldo Perea Beltran (Beltran), federal prisoner # 51158-180, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255 motion challenging his conviction of conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine. Beltran also moves for leave to proceed in forma pauperis (IFP).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court's dismissal is on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An applicant satisfies the Slack standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Beltran does not argue, as he argued in the district court, that his counsel was ineffective for failing to notify the court that he had met with authorities prior to sentencing and thus qualified for a two-level sentence reduction for acceptance of responsibility. Accordingly, he has abandoned this issue. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

Beltran argues that his appellate counsel was ineffective for incorrectly advising him after his sentencing that if he dismissed his appeal, he would be able to receive a sentence reduction under U.S.S.G. § 5K1.1 for providing substantial assistance to authorities. He also contends that his counsel was ineffective for failing to advise him before he pleaded guilty that he could be held responsible for more than 500 grams of cocaine under the relevant conduct provision of the Sentencing Guidelines and that the district court should have held an evidentiary hearing as to this issue. Beltran has not met the COA standard as to these issues, and thus his motion for a COA as to these issues is denied.

Beltran also argues that his counsel was ineffective for failing to inform him that if he delayed pleading guilty until the day of trial, he would not be able to receive a reduction in his sentence based on his acceptance of responsibility and that the district court should have held an evidentiary hearing concerning this issue. Although Beltran's trial counsel filed an affidavit in the district court addressing this issue, contested factual issues may not be decided on the basis

of affidavits alone, and nothing in the record indicates whether Beltran knew that an untimely plea of guilty would prevent him from receiving a reduction in offense level for acceptance of responsibility.  See United States v. Hughes, 635 F.2d 449, 451 (5th Cir. 1981).  Because the motion, files, and record do not conclusively show that Beltran is not entitled to relief concerning this issue and because Beltran has shown that he would be entitled to postconviction relief as a legal matter if his factual allegations are true, jurists could conclude that the issue whether the district court abused its discretion in failing to hold an evidentiary hearing concerning this issue is "adequate to deserve encouragement to proceed further."   Miller-El, 537 U.S. at 327; see United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992); Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979).

Accordingly, COA is granted on the issue whether Beltran's counsel was ineffective for failing to inform him that if he delayed pleading guilty until the day of trial, he would not be able to receive a reduction in his sentence due to his acceptance of responsibility.  The judgment of the district court is vacated in part, and the case is remanded for an evidentiary hearing.  We offer no opinion on the merits of the instant ineffective assistance of counsel claim.  Beltran's motion for leave to proceed IFP is granted.

COA GRANTED IN PART, DENIED IN PART; JUDGMENT VACATED IN PART AND REMANDED; MOTION FOR LEAVE TO PROCEED IFP GRANTED.