# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2010

Lyle W. Cayce
Clerk

No. 09-11087
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY RALPH EPPS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-264
USDC No. 3:07-CR-213-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Billy Ralph Epps, federal prisoner # 36428-177, moves this court for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion, which challenged his guilty plea conviction for possession and distribution of red phosphorus, a List I chemical, knowing and having reasonable cause to believe that it would be used to manufacture a mixture or substance containing a detectable amount of methamphetamine, a Schedule II

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

controlled substance. Epps was sentenced to 168 months of imprisonment and two years of supervised release.

In his motion for a COA, Epps argues that counsel was ineffective for failing to (1) move to dismiss the indictment because it did not specify the chemical quantity and advise him that the indictment was deficient on this basis; (2) correctly advise him of his sentencing exposure under the Guidelines; (3) object to the district court's calculation of the chemical quantity; (4) object to the enhancement of his sentence on the basis of a chemical quantity that was not charged in the indictment or proven beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (5) object to the district court's treatment of the Guidelines as mandatory; (6) object to the district court's failure to advise him of his appeal rights at sentencing, in violation of Federal Rule of Criminal Procedure 32; and (7) correctly advise him of his appeal rights. Epps also argues that counsel was ineffective for failing to challenge in a direct appeal (1) the chemical quantity; (2) the *Apprendi* error; and (3) the district court's treatment of the Guidelines. Epps argues further that he was deprived of his right to appeal by the district court, which failed to apprise him of his right to appeal at sentencing.

Epps has made a substantial showing of the denial of a constitutional right regarding his claim that counsel was ineffective for erroneously advising him that he had no right to appeal. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The record does not conclusively indicate whether counsel erroneously advised Epps of his appeal rights and whether Epps would have filed a timely appeal but for counsel's advice, making an evidentiary hearing on that issue necessary. *See United States v. Bartholomew*, 974, F.2d 39, 41 (5th Cir. 1992). A COA is granted solely on this claim. The district court's judgment is vacated, and the case is remanded for further proceedings in relation to that claim. We offer no opinion on the merits of this ineffective assistance of counsel claim.

With respect to his remaining claims, Epps has not shown that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Consequently, his motion for a COA is denied as to those claims. *Id.*

COA GRANTED IN PART; COA DENIED IN PART; VACATED AND REMANDED.