# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 4, 2013

No. 12-50477
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL RAYMUNDO PENA-GARAVITO, also known as Raul Pena,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CV-10

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raul Raymundo Pena-Garavito, federal prisoner # 60130-280, appeals the district court's denial of his 28 U.S.C. § 2255 motion, which challenged his conviction for possession with intent to distribute cocaine. He argues that the district court abused its discretion by denying, without holding an evidentiary hearing, his claim that counsel was ineffective for failing to file a notice of appeal from the judgment of conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To demonstrate ineffective assistance of counsel based on a claim that counsel failed to file a notice of appeal, a defendant must show that the failure to file fell below an objective standard of reasonableness and that it prejudiced the defendant. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477-80, 484 (2000). Failing to file a notice when requested to do so can constitute deficient performance. *Id.* at 477-78.

A district court may deny a § 2255 motion without conducting a hearing only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Contested factual issues may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). A district court's decision to deny an evidentiary hearing is reviewed for an abuse of discretion. *Bartholomew*, 974 F.2d at 41.

Nothing in the record outside of counsel's affidavit directly refutes Pena-Garavito's unsworn declaration, made under penalty of perjury, that he asked counsel to file an appeal. Moreover, Pena-Garavito's unsworn declaration, made under penalty of perjury, carried the same "force and effect" as counsel's affidavit. *See* 28 U.S.C. § 1746; *Hart v. Hairston*, 343 F.3d 762, 764 n.1 (5th Cir. 2003). The fact that Pena-Garavito was advised of his right to appeal during sentencing and that counsel may have advised Pena-Garavito that he would not represent him on appeal does not preclude the possibility that Pena-Garavito asked counsel to take on the ministerial task of filing a notice of appeal on his behalf. *See Flores-Ortega*, 528 U.S. at 477. As the record fails to conclusively establish that Pena-Garavito did not instruct counsel to file a notice of appeal, the district court abused its discretion in failing to hold an evidentiary hearing. The denial of Pena-Garavito's § 2255 motion is VACATED and the case is REMANDED to the district court for an evidentiary hearing on Pena-Garavito's claim that he instructed counsel to file a notice of appeal. Pena Garavito's

No. 12-50477

motion for leave to supplement his appellate brief with a copy of his § 2255 motion is DENIED as his complete § 2255 motion is already contained in the record.