# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50770

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JOHN HENRY SPIVEY, JR.,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:13-CV-478

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Spivey, Jr., federal prisoner # 10158-002, moves for a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 motion that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenged his jury-trial conviction of attempted possession with intent to distribute five kilograms or more of cocaine. Spivey contends that counsel was ineffective for failing to disclose, until the day of trial, that the government intended to introduce evidence of Spivey's telephone records. Spivey avers that, in view of the conflicting affidavits provided by him and his counsel, the district court erred in denying relief on this claim without an evidentiary hearing. Spivey also claims that counsel was ineffective for failing to object to the admission into evidence of a note on the grounds of authenticity. Lastly, he asserts that the district court erred in not addressing his claim that the trial court erred when it did not allow him to plead to the government's eight-year offer after the belated disclosure of the telephone records.

Additionally, Spivey moves for authorization to proceed *in forma pauperis* ("IFP") on appeal. That motion is GRANTED.

To obtain a COA, Spivey must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court has rejected a constitutional claim on the merits, a COA will be granted only if the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Where the record does not conclusively negate a prisoner's entitlement to relief, contested fact issues may not be decided on affidavits alone unless the affidavits are supported by other evidence in the record. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981).

Spivey has made a sufficient showing to obtain a COA on his claim

regarding the need for an evidentiary hearing on the issue that counsel provided ineffective assistance by failing to disclose the telephone records before trial. *See* 28 U.S.C. § 2253(c)(2); *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012). The record does not conclusively indicate whether counsel advised Spivey of the nature of the records and the government's intention to introduce them, making an evidentiary hearing on that issue necessary. *See Bartholomew*, 974 F.2d at 41.

Further, Spivey has shown that the district court did not address his claim that the trial court erred when it did not allow him to plead to the eight-year offer after the belated disclosure of the telephone records. *See United States v. Edwards*, 711 F.2d 633, 633-34 (5th Cir. 1983). A COA is thus granted on these issues. The judgment is VACATED in part and REMANDED. We offer no opinion on the merits of these claims.

Spivey has failed to make a substantial showing of the denial of a constitutional right on his remaining claim concerning counsel's alleged failure to object to the authenticity of the note. *See Miller-El*, 537 U.S. at 327. Consequently, a COA is DENIED as to this claim. *See id.*