# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2014

No. 14-40190

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRIL MONTEIZ DUCKETT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CV-51

Before CLEMENT, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Terril Monteiz Duckett, federal prisoner # 61913-066, proceeding pro se, applies for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion, wherein he challenged his guilty-plea conviction and sentence on one count of conspiring to possess with intent to distribute five kilograms or more of cocaine. A COA will be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

satisfied "by demonstrating that jurists of reason could disagree with the district court's resolution of [the movant's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his § 2255 motion Duckett raised four claims; however, in his COA filing in this court he raises only one of these claims, which we discuss below. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The claims not addressed by Duckett in his COA filing are deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). A COA is denied as to these claims.

Duckett argues that reasonable jurists would debate the correctness of the district court's dismissal of his claim that his counsel was ineffective for failing to file a requested notice of appeal. In denying relief on this claim, the district court referred to an affidavit submitted by Duckett's trial counsel, who swore that Duckett did not ask that a notice of appeal be filed. However, Duckett filed in the district court a declaration pursuant to 28 U.S.C. § 1746 in which he averred that, during a meeting following sentencing, he requested that his attorney file an appeal.

To demonstrate ineffective assistance of counsel based on a claim that counsel failed to file a requested notice of appeal, a defendant must show that counsel performed deficiently and that a reasonable probability exists that, but for counsel's deficient conduct, the defendant would have timely appealed. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 484, 486 (2000). Counsel's performance is deficient if counsel disregards his client's wishes concerning filing an appeal or if counsel fails to consult with the client on the matter when counsel has a

No. 14-40190

constitutionally imposed duty to do so. *Id.* at 477-78. The defendant need not demonstrate prejudice by showing that he would have been able to raise a meritorious issue on appeal. *See id.* at 486. Rather, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484.

A district court must hold an evidentiary hearing and make findings of fact regarding a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The record shows that there is a conflict in the accounts given by Duckett and his attorney as to whether Duckett requested that counsel file an appeal. In view of the foregoing, the district court erred by denying relief on Duckett's claim without holding a hearing and making findings of fact. Accordingly, we grant a COA on this claim, vacate in part the denial of § 2255 relief, and remand this claim for further proceedings. Duckett's motion to proceed in forma pauperis (IFP) on appeal is granted.

COA MOTION GRANTED IN PART AND DENIED IN PART; VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS; IFP MOTION GRANTED.