# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40697
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES BAYLOUS WHITE, also known as Buck White,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-166
USDC No. 4:10-CR-18-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

James Baylous White, federal prisoner # 16611-078 and proceeding *pro se*, is serving a sentence of 240 months' imprisonment, imposed following his guilty-plea conviction of conspiring to possess pseudoephedrine with the intent to manufacture a controlled substance, in violation of 21 U.S.C. § 846. White's 28 U.S.C. § 2255 motion was denied; but, our court granted a certificate of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40697

appealability (COA) on his claim that counsel's deficient performance caused him to reject the Government's pre-trial plea offer, as well as on the related issue whether the district court abused its discretion in denying relief on this claim without holding an evidentiary hearing. A COA was denied for all other issues.

White asserts counsel performed ineffectively by advising him, during the plea-negotiation stage, that a role enhancement under Sentencing Guideline § 3B1.1(c) could not properly be applied, but that he would have to go to trial in order to challenge the enhancement. He contends counsel was ineffective for failing to advise him that he risked losing credit for acceptance of responsibility if he went to trial. During trial, White pleaded guilty, without benefit of a written agreement.

Consistent with the issues permitted by his COA, White claims:  he would have accepted the Government's plea offer had he been properly advised; he was prejudiced because, by rejecting the plea offer and proceeding to trial, he did not receive credit for acceptance of responsibility or the benefits of the plea agreement; and an evidentiary hearing was necessary on this claim.

Along that line, White asserts the court erred by denying relief based on the determination that his subsequent, valid guilty plea (during trial) waived the claim; and the Government concedes, correctly, that the court so erred. The Supreme Court has "rejected the argument . . . that a knowing and voluntary plea supersedes errors by defense counsel". *Missouri v. Frye*, 566 U.S. 134, 141 (2012). As was true in *Frye*, White's ineffective assistance challenge "is not to the advice pertaining to the plea that was accepted but rather to the course of legal representation that preceded it with respect to other potential pleas and plea offers". *Id.* at 141–42.

2

No. 16-40697

In order to prevail on his ineffective-assistance claim, White must demonstrate both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 697 (1984). Where counsel's deficient performance causes a plea offer to lapse or be rejected, defendant, in order to establish prejudice, must demonstrate a reasonable probability that: (1) he would have accepted the plea offer had he been afforded effective assistance of counsel; (2) the plea would have been entered without the prosecution canceling the offer or the trial court's refusing to accept it; and (3) the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time. *Frye*, 566 U.S. at 147.

As the Government concedes, aside from White's verified § 2255 motion, the record is silent as to the advice provided by White's trial counsel. We are not convinced by the Government's assertions that the record establishes a lack of prejudice. Because it does not conclusively show White is entitled to no relief, the court abused its discretion in not conducting an evidentiary hearing. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

In view of the foregoing, the judgment denying relief on White's § 2255 motion is vacated in part and this matter is remanded for further proceedings on the ineffective-assistance claim on which the COA was granted. We, of course, express no opinion on the merits of White's claim.

JUDGMENT VACATED IN PART; REMANDED FOR FURTHER PROCEEDINGS.