# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2021

Lyle W. Cayce
Clerk

No. 17-30243
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregory M. Ward,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-9527
USDC No. 2:13-CR-138

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Gregory M. Ward, federal prisoner # 27350-034, pleaded guilty without a plea agreement to possessing with intent to distribute 100 grams or more of heroin, for which he was sentenced to 236 months in prison. He filed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 17-30243

a motion seeking postconviction relief under 28 U.S.C. § 2255 on the ground that his counsel was ineffective for erroneously informing him that he could appeal the denial of his suppression motion even if he entered an unconditional guilty plea, among other claims. The district court denied the motion, concluding as to this claim that Ward failed to show either deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). This court denied Ward a certificate of appealability (COA). The Supreme Court remanded this matter for further consideration. *See Ward v. United States*, 139 S. Ct. 2775 (2019). Subsequently, this court granted a COA on Ward's claim that counsel had been ineffective for advising him that he could appeal the suppression ruling even after entering an unconditional guilty plea.

The Government concedes that the district court erred in denying this ineffective-assistance claim without an evidentiary hearing. Although that concession is not binding on us, *see United States v. Vargas-Garcia*, 434 F.3d 345, 348 (5th Cir. 2005), we agree. Based on our independent review of the briefs and the record, which included Ward's declaration and supporting affidavit regarding his reliance on counsel's allegedly erroneous advice as well as consistent contemporaneous records, we conclude that the record did not conclusively show that he was entitled to no relief on this claim. *See Lee v. United States*, 137 S. Ct. 1958, 1965-67 (2017); *United States v. Reed*, 719 F.3d 369, 374 (5th Cir. 2013); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The district court therefore erred in denying this claim without an evidentiary hearing. *See Bartholomew*, 974 F.2d at 41. We do not consider Ward's other arguments that are beyond the scope of the COA. *See United States v. Daniels*, 588 F.3d 835, 836 n.1 (5th Cir. 2009).

Accordingly, we VACATE the denial of Ward's § 2255 motion in part and REMAND the case to the district court for an evidentiary hearing as to this claim. We express no view on the merits of the claim. Ward's

No. 17-30243

motion for appointment of counsel is DENIED as moot, and his motion for leave to file a supplemental brief is DENIED as unnecessary.