# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 21, 2011

Lyle W. Cayce
Clerk

No. 10-30763
Summary Calendar

WILLIAM STAPLES,

Petitioner-Appellant

v.

JOE KEFFER,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-2143

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Staples, federal prisoner # 07725-089, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging prison disciplinary proceedings on due process grounds. We review de novo the district court's dismissal of Staples's § 2241 petition on the pleadings. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

Staples argues that he was denied due process during a prison disciplinary proceeding that resulted in, inter alia, the forfeiture of 27 days good-time credits.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements." *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Accordingly, the prisoner must be given (1) written notice of the charges at least 24 hours prior to the disciplinary hearing, (2) an opportunity to call witnesses and present evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). To be entitled to habeas relief based on a due process violation, the prisoner must show that he was prejudiced by the violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Staples contends that he was denied due process when the prison failed to provide him with an accurate incident report within 24 hours of the incident as required by prison regulations. However, any failure by prison officials to comply with their own regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met." *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (internal quotation and citation omitted). Thus, the only due process protection Staples arguably was denied was the delivery of the factfinder's written statement. The district court concluded, however, that even if Staples was denied the factfinder's written statement, he failed to demonstrate any resulting prejudice. Our review of the record supports this conclusion.

Staples next argues that he was denied due process during a second prison disciplinary proceeding that resulted in administrative segregation and loss of commissary and telephone privileges for 60 days. The district court concluded that Staples's claims were not cognizable in his § 2241 petition because the claims concerned the conditions of his confinement rather than the duration of his confinement. *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Staples fails to address in his

No. 10-30763

appellate brief the district court's detailed analysis and dismissal of his claims as not cognizable. Therefore, Staples's claims regarding the second disciplinary proceeding are deemed abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Staples next argues that he was denied due process during the prison's administrative remedy procedures, asserting that his appeals were arbitrarily and capriciously denied. Again, Staples is not entitled to habeas relief on his claim that the prison violated its regulations during the administrative remedy process *Jackson*, 864 F.2d at 1251-52. Furthermore, a prisoner does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

Staples finally argues that the district court erred when it denied his petition without requiring the defendant to file a responsive pleading or conducting an evidentiary hearing. The district court was not required to order the defendant to file a responsive pleading. *See* 28 U.S.C. § 2243. In order to obtain "a federal evidentiary hearing, the burden is on the habeas corpus petitioner to allege facts which, if proved, would entitle him to relief." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (§ 2254 case). Because Staples failed to state a claim on which relief could be granted, the district court did not abuse its discretion by refusing to hold an evidentiary hearing. *See Ellis*, 873 F.2d at 840; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (§ 2255 case).

**AFFIRMED.**