# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10738
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHANZE LAMOUNT PRINGLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-8

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Chanze Lamount Pringler, federal prisoner # 43221-177, was convicted of aiding and abetting sex trafficking of a minor. He appeals the district court's denial of his motion for an evidentiary hearing on his 28 U.S.C. § 2255 claim that trial counsel rendered ineffective assistance. We granted Pringler a COA on the issue whether he was entitled to an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidentiary hearing on his claim that counsel rendered ineffective assistance with respect to a plea offer.

The district court must grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). To be entitled to an evidentiary hearing, a movant must present specific allegations. *United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013).

Pringler specifically alleged that trial counsel failed to advise him sufficiently about the terms of the Government's plea offer or the elements of his offense for Pringler to make an informed and conscious choice with respect to the plea offer. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012); *Reed,* 719 F.3d at 373; *United States v. Rivas-Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012). The record evidence does not conclusively negate Pringler's assertions; nor does it negate that but for counsel's ineffective advice, there was no reasonable probability that a plea agreement would have been presented to the court, the court would have accepted it, and the sentence would have been less severe than the 405-month sentence the district court imposed. *See Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012); *Reed*, 719 F.3d at 373.

Because Pringler's material assertions conflict with the affidavits of the prosecutor and Pringler's trial counsel, we vacate the district court's order denying Pringler's § 2255 motion only as to Pringler's claim that counsel rendered ineffective assistance of counsel claim with respect to the Government's plea offer. We remand the case for further proceedings, to include an evidentiary hearing. We express no view on the merits of Pringler's claim.

VACATED AND REMANDED.