# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10145

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

>Plaintiff - Appellee

v.

JUAN CARLOS AVILA-GONZALEZ,

>Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-1035

Before WIENER, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:*

Juan Carlos Avila-Gonzalez defended himself at his drug trial. While he cannot challenge the quality of his own representation, he does claim that lawyers he had at the early stages of the prosecution provided ineffective assistance. We conclude that factual disputes about one of his claims requires an evidentiary hearing, so we remand that claim.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10145

I.

Avila was indicted in 2013 for conspiracy to traffic methamphetamine. Originally, two public defenders represented him—Christopher Curtis and William Hermesmeyer. Avila, who has some legal experience from his time in Mexico, decided to represent himself instead. The district court scheduled a *Faretta* hearing and appointed a third attorney, Danny Burns, to advise Avila. *See Faretta v. California*, 422 U.S. 806 (1975).

The district court conducted two days of *Faretta* hearings. During this time, it warned Avila that a looming superseding indictment alleging a higher drug quantity likely meant that going to trial would result in a conviction and life sentence. Eventually the court decided that Avila was knowingly exercising his constitutional right to represent himself. The government obtained its promised superseding indictment that increased the sentencing range from 5-to-40 years to 10-to-life. 21 U.S.C. § 841(b)(1)(A). The jury convicted Avila after a one-day trial.

Avila also represented himself at sentencing and received the life sentence that the district court foresaw. After an unsuccessful appeal, Avila filed this petition for postconviction relief. *See* 28 U.S.C. § 2255. He maintains two claims: 1) that Hermesmeyer gave him ineffective advice about his sentencing exposure if he pleaded guilty, and 2) that Hermesmeyer and Curtis failed to investigate whether he was competent to waive his right to counsel despite troubling evidence to the contrary. To support the claims, he filed affidavits from himself and family members, and psychiatric records from Mexico. The district court rejected the claims without an evidentiary hearing, determining that Avila's allegations were "specious and made of whole cloth." We granted a certificate of appealability.

2

No. 17-10145

## II.

A district court's decision to deny an evidentiary hearing is reviewed for abuse of discretion. *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). But an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A defendant must present "independent indicia of the likely merit of [his] allegations" that do not contradict the record, are not conclusory, and are not speculative. *Reed*, 719 F.3d at 373–74 (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)).

Because a defendant who elects to represent himself waives his Sixth Amendment right to counsel, he has no counsel against which to assert an ineffective assistance claim. *See Faretta*, 422 U.S. at 834 n.46. But *Strickland* claims can arise before the defendant waives his right to counsel, such as when counsel fails to investigate whether the defendant is competent to knowingly waive the right to counsel. *See Austin v. Davis*, 876 F.3d 757, 784–86 (5th Cir. 2017). As with other ineffective assistance claims, this requires the defendant to demonstrate both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance harmed the defendant. *See Strickland v. Washington*, 466 U.S. 668, 689–94 (1984). That prejudice exists when there is a reasonable probability that the outcome would have been different but for counsel's errors. *Id*. at 694.

## III.

The first issue is whether, before Avila waived counsel, Hermesmeyer gave him erroneous advice about sentencing. Avila argues that he would have pleaded guilty, even without a plea agreement,[1] if he had been told that the

---

[1] We have never held that advice about an "open" guilty plea (as opposed to a plea deal) can be the foundation for a *Strickland* claim. *See United States v. Garcia*, 619 F. App'x

maximum exposure he faced from an immediate plea was 40 years. Avila's own account of his discussions with Hermesmeyer refute this claim. In his affidavit, Avila indicates that Hermesmeyer first told him that unless he cooperated, he was facing "40 years" in prison. Avila responded that he was not willing to cooperate but would plead guilty. Hermesmeyer discussed Avila's position—willing to plead but not cooperate—with the prosecutor. When he returned to visit his client, Hermesmeyer explained that the prosecutor responded negatively to Avila's stance: the government would seek a life sentence by filing enhanced charges if Avila did not cooperate.[2]

Accepting Avila's testimony as true, Hermesmeyer did not provide any erroneous sentencing advice. At first the lawyer thought, correctly based on the original indictment, that Avila would face up to 40 years. But after informing the prosecutor of Avila's refusal to cooperate, he learned that the government would file charges that increased the statutory exposure to life. He also accurately explained that the Sentencing Guidelines would recommend life. Avila presents no evidence that the government was going to hold back on the superseding charges given his refusal to cooperate. In other words, there was no path to plead guilty but not cooperate and reach the outcome Avila desired. As a result, he has identified no erroneous sentencing advice nor explained how any improper advice could have impacted his sentence given the government's desire to supersede with life charges absent

---

276, 277 (5th Cir. 2015) (Jolly, J., concurring). But we need not decide that issue in light of our conclusion that counsel did not provide erroneous advice.

[2] Avila's affidavit says that Hermesmeyer told him the enhancement was going to come from the filing of a criminal information based on prior drug convictions. *See* 18 U.S.C. § 851. But Avila did not have any such priors. Examining the prosecutor's remarks during the *Faretta* hearing and the superseding *indictment* filed after the hearing, the enhanced charges discussed must have related to drug quantity rather than criminal history. Even if Hermesmeyer did make a mistake about the source of the enhanced penalties, it would not impact this claim because Avila was correctly told that failure to cooperate would result in new charges carrying a possible sentence of life in prison.

No. 17-10145

cooperation.  No evidentiary hearing was required on this claim.  For the same reason, the district court did not err in rejecting it on the merits.

IV.

Avila's other claim is not so readily dismissed.   He alleges that he told his lawyers after his arrest that he had previously attempted suicide and that he was suffering from paranoia and schizophrenia.   In the past, these conditions had forced him to spend time in a Mexican mental hospital.  Twice before being charged in this case, his mental condition led him to attempt suicide, not including a suspicious fall from a second story that left his skull cracked.   Avila also attempted suicide in the courthouse—with counsel present—after his preliminary hearing.  The prison put him on suicide watch, and Avila says he asked Hermesmeyer to notify the court.  According to Avila, his counsel knew about all this and failed to investigate.

If true, this failure could amount to deficient performance.  An effective attorney investigates after receiving information that a client may be incompetent.  *See Profitt v. Waldron*, 831 F.2d 1245, 1248–49 (5th Cir. 1987); *Bouchillon v. Collins*, 907 F.2d 589, 595–97 (5th Cir. 1990).  *Bouchillon* resembles this case: trial counsel unreasonably ignored Bouchillon's statements that he had mental problems, had been institutionalized, and was on medication.  907 F.2d at 596; *cf. Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994) (finding no ineffective assistance when the record neither supports nor refutes that counsel was aware of the defendant's suicide attempt in jail).

Given the statutory mandate that requires a hearing unless the record "conclusively" rejects the habeas claim, 28 U.S.C. § 2255(b), district courts cannot disbelieve specific, corroborated allegations like Avila's without an evidentiary hearing.  *See Reed*, 719 F.3d at 374.  Nothing in the record contradicts the allegations—defense counsel did not submit any statements— and they are based on the defendant's own experiences, not speculation.  *See*

*id.*[3] In similar cases, an evidentiary hearing was necessary to determine whether counsel was alerted to investigate competency but did not do so adequately. *See Profitt*, 831 F.2d at 1247; *Bouchillon*, 907 F.2d at 596. Such a hearing would allow the district court to evaluate credibility and determine if Avila actually informed his counsel in the way he has claimed or if counsel did adequately investigate Avila's competence.

Avila must also demonstrate a reasonable probability that the court would have found him incompetent. Otherwise, there is no prejudice. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). The standard for competency to waive counsel is the same as it is to stand trial. *See Godinez v. Moran*, 509 U.S. 389, 399–400 (1993). The defendant must have "sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding" and have "a rational as well as factual understanding of the proceedings against him." *Id.* at 396 (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). In light of Avila's testimony, corroborated by records from Hospital de Jesús showing that he was hospitalized three times over a period of several years (from 1993 up to 2009) for schizophrenia, paranoia, and delusions, it cannot be "conclusively show[n]" without a hearing that no prejudice exists. 28 U.S.C. § 2255(b).

Avila still has a long way to go to demonstrate that he was incompetent at the time he waived counsel. He lacks a contemporaneous medical report and even those suffering from serious mental conditions can be competent to stand trial. *Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014) (noting that a "defendant can be both mentally ill and competent to stand trial"). But his

---

[3] One reason the district court rejected the allegation that counsel failed to investigate was the court's personal experience with these attorneys. But we have explained that trust in prior experience lays a faulty foundation for rejecting such claims. *See Reed*, 719 F.3d at 374.

corroborated testimony is enough to warrant a hearing and factfinding related to this claim.

\* \* \*

The decision of the district court is AFFIRMED IN PART and VACATED and REMANDED IN PART for an evidentiary hearing to address the ineffective assistance claim relating to counsel's alleged failure to investigate Avila's competency to waive counsel.