# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2020

Lyle W. Cayce
Clerk

No. 18-10637

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HECTOR SALDIVAR,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-275

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Hector Saldivar, federal prisoner # 53912-177, of conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Saldivar seeks a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2255 motion asserting ineffective assistance of counsel, and he seeks a COA to challenge the denial of his Federal Rule of Civil Procedure 59(e) motion for relief from the judgment of dismissal. "[A] substantial showing of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of a constitutional right" must be made in order for a COA to issue. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Saldivar will meet this standard if he shows "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (internal quotation marks and citation omitted). Conclusory assertions form no basis for § 2255 relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Saldivar's argument concerning the judgment of dismissal is entirely conclusory and therefore ineffectual. *See id.*; *see also Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003). No jurists of reason could conclude that this claim deserves encouragement to proceed further, and a COA on the claim is DENIED. *See Buck*, 137 S. Ct. at 773.

Saldivar's Rule 59(e) motion in effect sought § 2255 relief because the motion challenged the resolution of the ineffectiveness claim on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 302-05, 312-13 (5th Cir. 2010). Given that Saldivar did not have our authorization to seek successive habeas relief, the district court did not have jurisdiction to entertain his motion to reconsider the merits dismissal of his § 2255 motion. *See Williams*, 602 F.3d at 302-05, 312-13. Accordingly, as no jurists of reason could conclude this claim deserves encouragement to proceed further, a COA on the claim is DENIED. *See Buck*, 137 S. Ct. at 773.

Saldivar also contends that the district court erred by denying his Rule 60(b) motion without an evidentiary hearing. He is not required to obtain a COA to appeal the denial of an evidentiary hearing; therefore, to the extent that he seeks a COA on this issue, we construe his COA request "as a direct appeal from the denial of an evidentiary hearing." *Norman v. Stephens*, 817

No. 18-10637

F.3d 226, 234 (5th Cir. 2016). We review for plain error because Saldivar could have raised this issue in the district court but did not. *See Puckett v. United States*, 556 U.S. 129, 136 (2009).

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). "Conclusory allegations, unsubstantiated by evidence, do not support [a] request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents independent indicia of the likely merit of his allegations." *Id.* (internal quotation marks, brackets, and citation omitted). Saldivar has not presented such indicia. Therefore, he fails to show plain error in the implicit denial of an evidentiary hearing because he cannot "demonstrate any error at all." *United States v. Teuschler*, 689 F.3d 397, 400 (5th Cir. 2012); *see Reed*, 719 F.3d at 373. Consequently, the district court's judgment is AFFIRMED as to the lack of an evidentiary hearing.