# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2022

Lyle W. Cayce
Clerk

No. 21-10200

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Minor,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-cv-00093

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

A jury convicted Anthony Minor on multiple counts related to a bank fraud scheme. He now contends that he received ineffective assistance of counsel when his attorney advised that he had nothing to lose by going to trial rather than take a plea. The district court rejected this argument. So do we.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

## I.

An employee of Fannie Mae misappropriated personal identification information from approximately one thousand individuals. She gave this identification information to Minor, who used the data to access—and steal from—those individuals' bank accounts. As part of the scheme, Minor would contact the bank, pretend to be the accountholder, and then transfer the money into a separate account he controlled. Following an investigation, Minor and six co-conspirators were indicted for their role in the fraud scheme.

Minor was appointed counsel. According to Minor, he and his aunt met with counsel in December 2013 to discuss a plea offer that would have required him to plead guilty to count one of the indictment—conspiracy to commit bank fraud—in exchange for the remaining counts being dropped. Counsel estimated that Minor's guideline range would be near the statutory maximum for a bank fraud conviction. Minor claims that when he asked counsel whether he should accept the plea, counsel responded "you really don't have anything to lose" by going to trial. Minor further claims that counsel "assured" him he could get an acquittal because there was little evidence linking him to the conspiracy.

Minor proceeded to trial. And the jury found him guilty on all counts. At sentencing, the district court imposed a below-guidelines sentence, which this court later affirmed. *See United States v. Minor*, 831 F.3d 601, 603–08 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 661 (2017).

In 2018, Minor filed a 28 U.S.C. § 2255 motion challenging his convictions arguing, among other things, that his trial counsel failed to advise him during the plea bargaining stage. Alongside his motion he submitted an affidavit attesting that he rejected the government's plea offer because counsel "led him to believe he would not be found guilty" and "advised him

that he had nothing to lose by going to trial." He requested an evidentiary hearing in his memorandum in support of his § 2255 motion. The magistrate judge recommended Minor's § 2255 motion be denied. And, after reviewing Minor's objections, the district court adopted the magistrate judge's recommendation, denied Minor's § 2255 motion and request for an evidentiary hearing, and denied a certificate of appealability. Minor appealed.

This court granted Minor a certificate of appealability on "whether trial counsel properly advised [him] concerning the benefits of accepting the plea offer and the risks of going to trial; whether [he] was prejudiced as a result of counsel's advice; and whether the district court erred in denying this claim." The order noted that the court could address whether Minor was entitled to an evidentiary hearing on that constitutional claim.

Minor now argues that counsel failed to properly advise him during the plea bargaining stage. He claims he "rejected the Government[']s plea offer based solely on his attorney[']s advice that his estimated guidelines range was at the statutory maximum allowed for the bank fraud count."

## II.

In the context of § 2255, we review a district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008). We review a district court's denial of a § 2255 claim without holding an evidentiary hearing for abuse of discretion. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

## III.

"[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *United States v. Rivas-Lopez*, 678 F.3d 353, 356 (5th Cir. 2021) (quoting

*Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). "[T]he Sixth Amendment protects against, and remedies, the rejection of favorable plea offers for want of effective assistance of counsel." *Id.* at 357. Because a defendant should be aware of the "relevant circumstances and the likely consequences of his decision" when considering whether to plead guilty or proceed to trial, "counsel's failure to properly inform [the defendant] about potential sentencing exposure may constitute ineffective assistance." *Id.* at 356–57.

Under *Strickland v. Washington*, for a convicted defendant to show that his counsel was ineffective, he must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To meet the *Strickland* standard in the context of pleas "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

For the purposes of this analysis *only* we'll assume—as the district court did—the first prong of the *Strickland* analysis and proceed to the prejudice prong. *Cf. Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995) ("Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by *Strickland*."). Minor's claim nonetheless fails.

The prejudice prong requires the defendant to show that but for the ineffective advice of counsel there's a reasonable probability that (1) "the plea offer would have been presented to the court," (2) "the court would have accepted its terms," and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Rivas-Lopez*, 678 F.3d at 357. A "reasonable probability" is a "probability sufficient to undermine

confidence in the outcome." *Anaya v. Lumpkin*, 976 F.3d 545, 554 (5th Cir. 2020). Minor fails to establish all of these elements.

First, whether the plea offer would have been presented to the court: In analyzing this element, we consider whether "the defendant would have accepted the plea and the prosecution would have withdrawn it in light of intervening circumstances." *Rivas-Lopez*, 678 F.3d at 357. Minor fails to establish that he would have accepted the offer.

Minor's affidavit is insufficient to meet his burden. When the claim involves—as here—a rejected plea deal, a non-contemporaneous affidavit may be sufficient. *See Anaya*, 976 F.3d at 556. *See also id.* at 554–56 (explaining the Supreme Court cases creating different standards for claims involving accepted and rejected plea deals). But the problem for Minor is that his averments in the affidavit don't support that he would have accepted the plea offer.

In the affidavit Minor says "he would have accepted the plea offer, had he [known] he could have received a three point reduction resulting in a sentence of 120 months." But there's nothing in the record suggesting that the plea offer would have resulted in a sentence of 120 months. Under the plea the government concedes to have offered, Minor "would have plead guilty to conspiracy to commit bank fraud, face a 20-year[ ] statutory maximum sentence, and the other counts would be dismissed."[1] Nowhere does Minor say he would've accepted a plea for a 20-year sentence—twice as long as 120 months. And considering Minor's offense level and criminal history category, even if he'd received a three-level reduction, he'd likely

---

[1] In fact, as the magistrate judge and pre-sentence report correctly noted, the statutory maximum sentence for count one is actually 30 years. *See* 18 U.S.C. §§ 1344, 1349.

face a guideline range above 200 months—much more than the 120 months he says he would've accepted.

Second, whether the court would have accepted the plea's terms: Minor bears the "burden" to show that "the court would have accepted [the plea's] terms." *Rivas-Lopez*, 678 F.3d at 359. He attempts to meet this burden by noting that the district court accepted the pleas of his co-conspirators. He argues that the "fact that the Court accepted identical plea agreements entered by all of Minor's co-defendants lend[s] credence" to the presumption that it would have accepted his. We disagree.

Minor fails to show that his co-conspirators' pleas are at all comparable to his own, and—as such—we can't assume that the district court would have accepted his plea. Minor doesn't explain why the district court would have accepted the same plea for him as for his co-conspirators—each of which had different roles in the conspiracy and different criminal histories. The record in his case, in fact, suggests the opposite. During sentencing, the district court noted Minor's extensive criminal history various times. It also considered his specific role. The district court noted there was "no question [Minor] was the leader" of the conspiracy or that "he brought in other individuals." The district court was explicit that Minor's co-conspirators "played a much lesser role" and that was reflected in their sentences. Minor can't meet his burden of showing the court would have accepted his plea by pointing to its acceptance of his co-conspirators' pleas when the record is clear that the district court understood Minor to be in a fundamentally different position than his co-conspirators.

Third, whether the sentence would have been less severe than the sentence actually imposed: To establish this element Minor argues that, because he would have only pled guilty to the first count in the indictment, his sentence wouldn't have included a two-year mandatory-minimum

sentence for two counts for aggravated identity theft and he would've received a three-level reduction for acceptance of responsibility. That's true. But it ignores that the district court's careful and detailed consideration of the record led it to impose a sentence well below the guidelines but significant enough to meet deterrence goals.

The record makes clear that the district court sought to impose a sentence significant enough to deter Minor from committing further crimes. Throughout the sentencing hearing, the district court noted Minor's extensive criminal history and that he'd served relatively little time for his many prior crimes. The district court specifically noted that Minor "ha[d] not really had a significant sentence in the past" and that his prior sentences "had little, if any, effect on Mr. Minor's criminal behavior." It also noted the "need to impose a sentence that is sufficient" to "effectively deter not only people in Mr. Minor's situation, but others who[ ] might be inclined to commit the offense." The record reflects that the district court sought to impose a substantial sentence for deterrence purposes and would have done so even if Minor had only been sentenced for count one, which itself carried a statutory maximum of 30 years. 18 U.S.C. §§ 1344, 1349.

It's true that "[a]ny amount of additional jail time is significant for purposes of showing prejudice," but Minor hasn't shown his sentence is any longer than it would've been if he pled. *Rivas-Lopez*, 678 F.3d at 357. That's because he can't. The district court imposed a sentence of 192 months. That included the two-year mandatory-minimum sentence for the aggravated identify theft counts. It's below the applicable guideline range of 210 to 262 months the court calculated and the statutory maximum he could have faced for count one alone. And it's below the 20-year (240 months) plea deal the government concedes to have offered.

Simply put, Minor's speculations regarding what sentence the court may have imposed if he'd pled are insufficient to establish prejudice. Minor merely states that if he had pled he would have faced a sentence of 120 months without providing more. But that's not enough to meet this element: "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Even assuming that the first prong of the *Strickland* test is met, Minor has failed to show ineffective assistance of counsel at the plea bargaining stage. He hasn't met his burden to establish prejudice because he hasn't shown a reasonable probability that the plea would have been presented to the court, that the court would have accepted the plea's terms, or that the sentence would have been less severe.

## IV.

A district court may forgo an evidentiary hearing in deciding a § 2255 motion "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). When facts are at issue in a § 2255 proceeding, a hearing is required if (1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations are true. *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979). If there are no "independent indicia of the likely merit" of the petitioner's allegations, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2005). *See also United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations aren't sufficient to support a request for an evidentiary hearing). And "this requirement must

be understood practically, in the context of the claims being presented." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

The district court didn't abuse its discretion by forgoing an evidentiary hearing in this case. On the record before us—and before the district court—it's clear thar Minor would not have been entitled to postconviction relief even if his factual allegations are true. As we already noted, *see supra*, even if Minor had taken the plea deal, he wouldn't have received a shorter sentence. In his affidavit—the *only* evidence Minor timely proffered which could create a factual dispute warranting an evidentiary hearing, Minor plainly asserts "that he would have accepted the plea offered" because it would've "result[ed] in a sentence of 120 months." But the record makes clear Minor wouldn't have received a sentence of 120 months.

Recall that Minor's sentence is for 192 months—well-below the 20-year plea deal the government concedes to have offered and the statutory maximum he could have faced just for count one. And so, even if we assume that his conclusory allegations are true, Minor has failed to produce an independent indicum of the likelihood of the merits of his claim. Minor isn't entitled to postconviction relief because the only relief supported by the record would be a *longer* sentence than he received.

It's true that Minor later attempted to supplement his motion with an affidavit from his aunt, who he claims was with him when his trial counsel assured Minor he'd win at trial. But the fact that the district court didn't consider the aunt's affidavit doesn't mean that the district court abused its discretion. That's because Minor's filing of his aunt's affidavit post-dated the magistrate's report and recommendation and the district court's order and judgment on the § 2255 motion. Indeed, the filing of the aunt's affidavit even post-dated the filing of the notice of appeal. Moreover, the magistrate

judge was diligent in ensuring she considered the relevant evidence. Once the magistrate judge received the motion to supplement with the aunt's affidavit, she ordered Minor to complete a questionnaire explaining when he placed his motion in the prison mail system or gave it to prison authorities for mailing. Rather than respond to the questionnaire, Minor continued with his appeal—moving to proceed in forma pauperis. He, thus, mooted the magistrate judge's inquiry. It goes without saying that a district court doesn't abuse its discretion when it doesn't consider evidence that wasn't timely presented. *Cf. United States v. Cervantes*, 132 F.3d 1103, 1111–12 (5th Cir. 1998) (holding the district court didn't abuse its discretion in refusing to consider affidavits the § 2255 petitioner submitted after the government had already filed its responsive pleading).

To summarize: A district court may forgo an evidentiary hearing in deciding a § 2255 motion when the record conclusively shows that the prisoner is entitled to no relief. And here the record does just that. Minor's affidavit states that he would have accepted a plea for 120 months imprisonment, which the record makes clear wasn't available to him. And the only other evidence that could have supported Minor's argument—his aunt's affidavit—wasn't filed with the district court until after it had ruled on the § 2255 motion and Minor had noticed his appeal. We cannot say that the district court abused its discretion in ruling without an evidentiary hearing because the record before it showed Minor wasn't entitled to the relief he sought.

\* \* \*

We affirm.